**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1055n.06

No. 11-4379

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 05, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PEABODY COAL CO., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE BENEFITS REVIEW |
| | ) | BOARD, UNITED STATES |
| CAROLYN BELT, *et al.*, | ) | DEPARTMENT OF LABOR |
| | ) | |
| Respondents. | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge; GIBBONS, Circuit Judge; ROSENTHAL, District Judge.[*]

PER CURIAM.  An Administrative Law Judge awarded disability benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, to Billy Belt, who had worked as a miner for Peabody Coal Co.  The Department of Labor's Benefits Review Board affirmed the ALJ's decision.  In this court, Peabody Coal argues that the ALJ violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706, by relying on the preamble to the 2000 amendments of certain benefits-eligibility regulations under the Act.  Those eligibility regulations, 20 C.F.R. § 718.201 *et seq.*, clarify that a miner can have "legal pneumoconiosis" for the purposes of the Act, even in the absence of a positive X-ray finding or other manifestations of "clinical pneumoconiosis."  *See id.*, §§ 718.201, .202(a)(4), .202(b).

---

[*]The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

The ALJ cited the regulations and the preamble in rejecting the expert opinions of two doctors "that because there was no objective evidence of pneumoconiosis, claimant's chronic obstructive disease was due entirely to his tobacco smoke exposure." The ALJ stated that "the Department of Labor and the Board have made clear that absent clinical pneumoconiosis, a miner can still be found to have legal pneumoconiosis." App. 33–34, ALJ Decision & Order (citing Preamble to the Revised Regulations, 65 Fed. Reg. 79,937, 79,939 (Dec. 20, 2000)). The ALJ credited another physician's opinion that Belt had pneumoconiosis despite the absence of clinical pneumoconiosis as consistent with the regulations and preamble.

Peabody argues that the ALJ's invocation of the preamble violated the APA's rulemaking requirements because the preamble was not subjected to notice-and-comment rulemaking. *See* 5 U.S.C. § 553. Peabody also argues that the ALJ violated the APA because the preamble was not in the administrative record. Peabody argues that as a result, it had no notice that the ALJ would rely on the preamble. *See id.*, §§ 554, 556.[1]

During the pendency of this appeal, another panel of this court addressed and rejected virtually identical arguments. In *A&E Coal Co. v. Adams*, — F.3d —, 2012 WL 3932113 (6th Cir. 2012), the court noted that the preamble "explained the medical and scientific premises for the changes" to the regulations made in 2000. *Id.* at —, 2012 WL 3932113, at *2. The court held that the ALJ's reference to the preamble in analyzing the conflicting medical opinions was appropriate.

---

[1] In the argument portion of its appellate brief, Peabody bases its notice argument on §§ 554 and 556. In its statement of issues presented on appeal, Peabody cites §§ 557(c)(3)(A) and 559 as the basis of its notice argument. These provisions require an ALJ to articulate his findings and conclusions on the record and establish that the APA does not limit or repeal other requirements imposed by Congress. *See* §§ 557(c)(3)(A), 559. Peabody does not cite §§ 557(c)(3)(A) or 559 elsewhere in its brief and does not argue that the ALJ violated either provision.

By looking to the preamble in addition to the applicable regulations, and crediting the medical opinion that was "consistent with the medical and scientific premises underlying the amended regulations, as expressed in the preamble," the ALJ did not treat the preamble as "binding in his decision." *Id.* at —, 2012 WL 3932113, at *3. And there was no need to include a copy of the preamble in the administrative record because the APA does not require such public documents to be made part of the record. *Id.*, — F.3d at —, 2012 WL 3932113, at *4. Noting that the petitioner "disavow[ed] any challenge to the sufficiency of the evidence," the *Adams* court stated that it would "vacate the Board's decision only if its conclusion — that the ALJ permissibly consulted the regulations' preamble — was erroneous." *Id.*, — F.3d at —, 2012 WL 3932113, at *2. Finding no such error, it affirmed.

*Adams* makes clear that the ALJ's reference to the preamble to the amended black-lung regulations does not violate the APA's rulemaking or notice provisions. "Published panel opinions are binding on later panels." 6th Cir. R. 32.1. The ALJ did not violate the APA by considering the preamble in deciding Belt's claim. The Board was correct to affirm the ALJ's decision.

We deny the petition for review.